# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

Filed Feb. 3, 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

January 27, 2012

Steven M. Larimore
United States District Court
400 N MIAMI AVE
MIAMI, FL 33128-1807

Appeal Number: 10-11166-FF ; 10-11167 -FF
Case Style: USA v. Michael Ragland
District Court Docket No: 2:09-cr-14016-KMM-1

The enclosed judgment is hereby issued as the mandate of this court.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Janet K. Spradlin
Phone #: (404) 335-6178

Enclosure(s)

MDT-1 Letter Issuing Mandate

UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

_____

No. 10-11166
_____

District Court Docket No.
2:09-cr-14016-KMM-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2011
JOHN LEY
CLERK

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

versus

MICHAEL SHANE RAGLAND,

        Defendant - Appellant.

_____

No. 10-11167
_____

District Court Docket No.
2:09-cr-14016-KMM-4

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

versus

DESHAWN KENNETH JAMES,

        Defendant - Appellant.

_____

Appeals from the United States District Court for the
Southern District of Florida
_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: July 20, 2011
For the Court: John Ley, Clerk of Court
By: Djuanna Clark

Issued as Mandate:
January 27, 2012

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11166
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2011
JOHN LEY
CLERK

_____

D.C. Docket No. 2:09-cr-14016-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL SHANE RAGLAND,

Defendant-Appellant.

_____

No. 10-11167
Non-Argument Calendar

_____

D.C. Docket No. 2:09-cr-14016-KMM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DESHAWN KENNETH JAMES,

                     Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(July 20, 2011)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

  On April 30, 2009, a Southern District of Florida grand jury indicted appellants Michael Shane Ragland and Deshawn James and four others, Mathew Anderson, Aaron Taylor, Eliza Ramsdell, and Dewayne Mitchell, Jr., with conspiring to and, in varying combinations, with having perpetrated or attempted to perpetrate ten armed convenience store robberies in Martin and St. Lucie Counties, Florida between December 11, 2007 and February 24, 2008, in violation of the Hobbs Act, 18 U.S.C. § 1951(a). All were named as defendants in the conspiracy charge (Count 1). Ragland as the leader and organizer of the venture

was charged, in addition, with ten robberies (Counts 2, 4, 6, 8, 9, 11, 13, 15, 17, 19, and 21) and with brandishing a firearm, in violation of 18 U.S.C. § 924(c), in committing the those ten robberies (Counts 3, 5, 7, 10, 12, 14, 16, 18, 20, and 22). James, Ragland's best friend and principal accomplice, was charged with Ragland in Counts 13, 15, 17, 19, and 21 and Counts 14, 16, 18, 20 and 22.

Ragland and James were arrested in Quakertown, Pennsylvania, in late February 2008. The police caught Ragland while he was in the process of robbing a 7-Eleven store and James and Ragland's girlfriend, Gehret, were in the getaway car waiting for Ragland to exit the store. Ragland and James pled guilty to the attempted robbery, and received prison sentences; Gehret, was processed as a juvenile. On January 12, 2009, the two officers of the Florida Department of Law Enforcement interviewed Gehret; she confessed to having accompanied Ragland in several of the robberies involved in the instant case and ultimately testified for the Government at Ragland's and James's trial. On January 14, 2009, Ragland gave the officers a full confession to the robberies with which he was charged in this case.

Anderson, Taylor, Ramsdell and Mitchell pled guilty. Ragland and James stood trial. The jury found both of them guilty as charged, with the exception of two counts, 13 and 14. The district court sentenced Ragland to prison for a total

of 2,352 months and James for a total of 1,017 months. Ragland appeals his convictions and his total sentence to the extent that it is based on consecutive sentences imposed for his violations of 18 U.S.C. § 924(c). James appeals his convictions.

In their briefs on appeal, Ragland and James jointly challenge their convictions on three grounds: (1) the district court violated the Speedy Trial Act by granting *sua sponte* continuances to satisfy the ends of justice; (2) our precedent in *United States v. Le*, 256 F.3d 1229, 1232 (11th Cir. 2001), sets the wrong standard for proving an attempted Hobbs Act robbery by lowering the burden of proof for the essential element of interference with interstate commerce; and (3) in charging the jury on the counts alleging an attempt to violate the Hobbs Act, the district court failed to instruct the jury regarding the interstate-nexus element of the offense. In addition to these grounds, Ragland and James challenge their convictions thusly: Ragland argues that the district court violated the *McNabb-Mallory* Rule by denying his motion to suppress the confession he gave to the case agent and two Assistant U.S. Attorneys on May 1, while being detained near Ft. Pierce, Florida, pursuant to a writ of habeas corpus *ad prosequendum*. James argues that the district court abused its discretion in admitting into evidence a partial music video taken from his MySpace page in which he refers to his

involvement in a separate armed robbery in Pennsylvania.

Addressing his sentences under 18 U.S.C. § 924(c) for the firearm convictions, Ragland argues that the district court infringed his rights under the Fifth, Sixth and Eighth Amendments by imposing the sentences consecutively.

I.

We review the district court's construction and interpretation of the Speedy Trial Act *de novo* and the court's factual determination as to what constitutes excludable time under the Act for clear error. *United States v. Dunn*, 345 F.3d 1285, 1288 (11th Cir. 2003). The Speedy Trial Act mandates that a trial commence within 70 days after the date the defendant appeared before a judicial officer or the date of the indictment, whichever occurs later. 18 U.S.C. § 3161(c)(1). Section 3161(h)(7) permits exclusions for:

> Any period of delay resulting from a continuance granted by any judge on his own motion . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(b) lists the factors, among others,

5

the district court must consider in determining whether to grant a continuance:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . . .
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The Act adds that no ends-of-justice continuance "shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." *Id.* § 3161(h)(7)(C).

In *Zedner v. United States*, 547 U.S. 489, 506-07 & n.7, 126 S.Ct. 1976, 1989 & n.7, 164 L.Ed.2d 749 (2006), the Supreme Court held that a court must put its findings regarding an ends-of-justice continuance on the record at least by the time the court rules on the defendant's motion to dismiss for a speedy trial

violation, although the best practice is to state the reasons when granting the continuance.  The Court also rejected a harmless-error analysis for a court's failure to express its findings on the record because Congress "saw a danger that such continuances could get out of hand and subvert the Act's detailed scheme."  *Id.* at 508-09, 126 S.Ct. at 1990.

The district court did not violate the Speedy Trial Act by issuing three *sua sponte* continuances in the interests of justice.  The court had the authority to issue the continuances pursuant to 18 U.S.C. § 3161(h)(7) and timely and adequately explained its reasons for the continuances on the record.

## II.

We review the constitutionality of a statute *de novo*.  *United States v. Sanchez*, 586 F.3d 918, 932 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 1926 (2010).  The Hobbs Act prohibits robbery, and an attempt or conspiracy to commit robbery, that affects interstate commerce.  *United States v. Orisnord,* 483 F.3d 1169, 1177 (11th Cir. 2007).  "Because the Hobbs Act, by its own terms, encompasses the inchoate offenses of attempt and conspiracy, the interstate nexus required to prove a Hobbs Act conspiracy may be established upon evidence that *had* the conspiratorial objective been accomplished, interstate commerce would have been affected."  *Id.* (emphasis in original) (citing *Le*, 256 F.3d at 1232).  Furthermore,

"the government need only show a realistic probability of an effect" on interstate commerce. *United States v. Kaplan*, 171 F.3d 1351, 1354 (11th Cir.1999).

This precedent forecloses Ragland's and James's argument that the Hobbs Act violates a defendant's right to have every element of the offense proved beyond a reasonable doubt; the government need only show a realistic probability of an effect on interstate commerce for attempted Hobbs Act robbery charges.

### III.

We review *de novo* the district court's jury instructions "to determine whether they misstate the law or mislead the jury to the objecting party's prejudice." *United States v. Gomez*, 580 F.3d 1229, 1233 (11th Cir. 2009). We review a district court's failure to instruct the jury on all of the statutory elements of an offense for harmless error. *Id.* "The failure to instruct a jury on an essential element of an offense is harmless when it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Id.* (citation and internal quotations omitted).

The Hobbs Act requires the government to prove beyond a reasonable doubt that a defendant obstructed or affected interstate commerce by robbery, or conspired or attempted to do so. 18 U.S.C. § 1951. Robbery "is undeniably an *economic* crime," whose relationship to "commerce is clear, direct, and

unattentuated." *United States v. Gray*, 260 F.3d 1267, 1274 (11th Cir. 2001). The type of evidence needed to satisfy the government's burden of proof concerning the interstate commerce nexus under the Hobbs Act differs depending on whether the defendant is charged with an inchoate offense, conspiracy or attempt, on one hand, or a completed substantive offense on the other. *Le*, 256 F.3d at 1232. "Where a defendant is charged with attempt or conspiracy to violate the Hobbs Act, 'the interstate nexus may be demonstrated by evidence of *potential impact* on interstate commerce *or* by evidence of actual, de minimis impact.'" *Id.* (emphasis in original). "[T]he government need only show a realistic probability of an effect" on interstate commerce. *Kaplan*, 171 F.3d at 1354.

The district court failed to instruct the jury on the interstate-commerce element of the attempted Hobbs Act robbery charge, but the error was harmless in light of the similar nature between the act of robbery and the attempted act robbery.

## IV.

Because rulings on motions to suppress evidence involve mixed questions of law and fact, we review the district court's factual findings for clear error and its application of the law to those facts *de novo*. *United States v. Burgest*, 519 F.3d 1307, 1309 (11th Cir. 2008). When considering a ruling on a motion to

9

suppress, we construe all facts in the light most favorable to the prevailing party. *Id.*

A district court has the authority to issue a writ of habeas corpus *ad prosequendum* pursuant to 28 U.S.C. § 2241. *United States v. Mauro*, 436 U.S. 340, 357-58, 98 S.Ct. 1834, 1846, 56 L.Ed.2d 329 (1978). A writ of habeas corpus *ad prosequendum* is used to secure the presence of a defendant in federal or state custody for the trial of a federal offense. *Id.* at 358, 98 S.Ct. at 1846.

The *McNabb-Mallory* Rule "generally renders inadmissible confessions made during periods of detention that violate the prompt presentment requirement of Rule 5(a)." *Corley v. United States*, 556 U.S. __, __, 129 S.Ct. 1558, 1563, 173 L.Ed.2d 443 (2009) (alterations omitted). Congress codified the *McNabb-Mallory* Rule in 18 U.S.C. § 3501(c), which states:

> In any criminal prosecution by the United States or by the District of Columbia, a confession made or given by a person who is a defendant therein, while such person was under arrest or other detention in the custody of any law-enforcement officer or law-enforcement agency, shall not be inadmissible solely because of delay in bringing such person before a magistrate judge or other officer empowered to commit persons charged with offenses against the laws of the United States . . . if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such person within six hours immediately following his arrest or other detention: *Provided*, That the time limitation contained in this subsection shall not apply in any case in which the delay in bringing such person before such magistrate judge

> or other officer beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate judge or other officer.

18 U.S.C. § 3501(c); *see Corley*, 556 U.S. at __, 129 S.Ct. at 1571 (holding that § 3501(c) modified, but did not eliminate, the *McNabb-Mallory* Rule).

Rule 5(a)(1)(A) of the Federal Rules of Criminal Procedure, relating to the initial appearance of defendants before a court, requires that "[a] person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise." Fed. R. Civ. P. 5(a)(1). Rule 5(c) provides the procedure for an arrest occurring in a district other than the one where the offense occurred.

Rule 40 of the Federal Rules of Criminal Procedure requires that:

> A person must be taken without unnecessary delay before a magistrate judge in the district of arrest if the person has been arrested under a warrant issued in another district for:
>
> > (i) failing to appear as required by the terms of that person's release under 18 U.S.C. §§ 3141-3156 or by a subpoena; or
> >
> > (ii) violating conditions of release set in another district

Because the admission of statements Ragland made during a custodial interrogation while subject to a writ of habeas corpus *ad prosequendum* was

harmless beyond a reasonable doubt—the statements merely reiterated the confession he gave in Pennsylvania on January 14, 2009—we affirm as to this issue.

V.

We review *de novo* the district court's interpretation of a statute. *United States v. Segarra*, 582 F.3d 1269, 1271 (11th Cir. 2009), *cert. denied*, 131 S.Ct. 633 (2010). Likewise, we review challenges to the constitutionality of a sentence *de novo*. *See Sanchez*, 586 F.3d at 932. We review *de novo* whether counts in an indictment were multiplicitous. *United States v. Jones*, 601 F.3d 1247, 1258 (11th Cir. 2010).

Section 924(c)(1)(A) of Title 18 of the United States Code provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years.
> . . .

In *Segarra*, we rejected the defendant's argument that the "except" clause in

§ 924(c) meant that if his mandatory minimum sentence for his drug offense was greater than the mandatory minimum for the firearm offense, the two sentences could not run consecutively. *Segarra*, 582 F.3d at 1272-73. In *United States v. Tate*, 586 F.3d 936, 947-48 (11th Cir. 2009), *cert. denied*, 131 S.Ct. 634 (2010), we extended our holding in *Segarra*, ruling that the "except" clause does not preclude consecutive minimum mandatory sentences for multiple counts of carrying a firearm during and in connection with a crime of violence.

Since Ragland briefed the present case, the Supreme Court resolved the circuit split consistent with our opinion in *Segarra*. In *Abbott v. United States*, 562 U.S. ___, ___, 131 S.Ct. 18, 23, 178 L.Ed.2d 348 (2010), the Supreme Court held that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." The Court also rejected the argument that the rule of lenity applied to the "except" clause. *Abbott*, 562 U.S. at ___, 131 S.Ct. at 18 n.9.

Successful challenges to the proportionality of a noncapital sentence under the Eighth Amendment are extremely rare because we accord substantial deference to Congress's broad authority to determine the types and limits of punishments. *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005). "In general, a

sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006) (citation omitted). "Moreover, a sentence which is not otherwise cruel and unusual does not become so simply because it is mandatory." *Raad*, 406 F.3d at 1324 (alterations and quotations omitted).

The test for multiplicity is whether "each count requires an element of proof that the other counts do not require." *Jones*, 601 F.3d at 1258. The issue of whether Ragland's conduct involving firearms constituted one continuous offense rather than separate offenses is a question requiring legal analysis better suited to a court's determination. *See United States v. Sirang*, 70 F.3d 588, 595-96 (11th Cir. 1995) (holding that legal analysis was necessary for review of the defendant's multiplicity argument because of the "difficult conceptual questions" in determining, in a bank fraud case, whether transactions constituted the execution of a scheme or a component of the execution).

Under the Fifth Amendment, where the statute at issue "does not discriminate on the basis of a suspect classification or the exercise of a fundamental right," the appropriate standard of review for an equal protection claim is the rational basis test. *United States v. Solomon*, 848 F.2d 156, 157 (11th Cir. 1988). "To pass the rational basis test, the legislation must have a legitimate

purpose, and it must have been reasonable for lawmakers to believe that the use of the challenged classification would promote that purpose." *United States v. King*, 972 F.2d 1259, 1260 (11th Cir. 1992).

Ragland's § 924(c) consecutive sentences are proper in light of *Abbott* and do not violate the constitutional provisions Ragland relies on.

VI.

We review the district court's evidentiary rulings for an abuse of discretion. *United States v. Edouard*, 485 F.3d 1324, 1343 (11th Cir. 2007). However, where the defendant failed to object to the admission of evidence at trial, we review the admission of the evidence only for plain error. *Id.* To satisfy the plain-error test, the defendant must show that (1) an error occurred, (2) the error was plain, and (3) the error affected the defendant's substantial rights. *Id.* at 1343 n.7. If those three criteria are met, we may reverse if the plain error seriously affects "the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted).

Federal Rule of Evidence 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." In interpreting Rule 403, we have described it as having a

"strong presumption in favor of admissibility . . . ." *United States v. Church*, 955 F.2d 688, 703 (11th Cir. 1992). Accordingly, excluding evidence under Rule 403 is an "extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence." *Id.* at 700 (citation and internal quotations omitted). Consequently, "[o]nly if the decision to admit evidence over a Rule 403 challenge is unsupportable when the evidence is viewed in the light most supportive of the decision will we say that the decision constitutes an abuse of discretion." United *States v. Jernigan*, 341 F.3d 1273, 1285 (11th Cir. 2003). As part of this review, "we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *Id.* at 1284 (citation omitted).

Under Federal Rule of Evidence 404, evidence of uncharged criminal activities generally is considered inadmissible, extrinsic evidence. However, evidence of criminal activity other than the charged offenses is not "extrinsic," and, thus, falls outside the scope of Rule 404(b), if it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." Edouard, 485 F.3d at 1344 (quotation omitted). Such evidence, even if outside the scope of Rule

16

404(b), must still satisfy the requirements of Rule 403. *Id.*

We find no merit in James's argument that the court abused its discretion under Rule 403, or committed plain error under Rule 404(b), in admitting into evidence the partial music video taken from his MySpace page.

## VII.

We have carefully considered the arguments Ragland and James have presented. We find no basis for setting aside their convictions or for disturbing Ragland's sentences.

AFFIRMED.